# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SPORTCHASSIS, LLC,<br>an Oklahoma Limited Liability Company<br><br>  Plaintiff,<br><br>v.<br><br>(1) BROWARD MOTORSPORTS OF<br>PALM BEACH, LLC,<br>a Foreign Limited Liability Company,<br>(2) SAM NEHME, and<br>(3) MARC OSHEROFF<br><br>  Defendants. | Case No. _____<br><br><br><br>JURY TRIAL<br>DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, SportChassis, LLC, and for its causes of action against Defendants, Broward Motorsports of Palm Beach, LLC, Sam Nehme and Marc Osheroff, alleges and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, SportChassis, LLC ("SportChassis"), is an Oklahoma limited liability company, having a principal place of business in Clinton, Oklahoma.

2. Upon information and belief, Defendant, Broward Motorsports of Palm Beach, LLC ("Broward Motorsports"), is a Florida limited liability company having a principal place of business in West Palm Beach, Florida. Upon information and belief, Defendants, Sam Nehme and Marc Osheroff, are the sole members of Broward Motorsports.

3. Upon information and belief, Defendant, Sam Nehme ("Nehme"), is a citizen of Florida. At all times relevant to the allegations and claims herein, Nehme was, upon information and belief, a member and manager of Broward Motorsports.

4. Upon information and belief, Defendant, Marc Osheroff ("Osheroff"), is a citizen of Florida. At all times relevant to the allegations and claims herein, Osheroff was, upon information and belief, a member and manager of Broward Motorsports

5. Defendants entered into a consignment agreement with SportChassis in Custer County, Oklahoma.

6. This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332(a) because this is a controversy between citizens of different states in which the damages exceed $75,000.00.

7. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(a) as Defendants are subject to personal jurisdiction in this forum based on their contacts with this forum related to the events at issue herein and their other continuous contacts with the State of Oklahoma.

## STATEMENT OF FACTS

8. Defendants and SportChassis entered into a consignment agreement wherein Defendants received specialty vehicles from SportChassis to offer for sale at their dealership on a consignment basis.

9. Pursuant to and in accordance with the terms of the consignment agreement, Defendants agreed to remit full payment for each and every specialty vehicle received from SportChassis upon the sale of such vehicle.

10. Pursuant to and in accordance with the terms of the consignment agreement, Defendants agreed to return all specialty vehicles received from SportChassis at the request of SportChassis.

11. Defendants have refused to return two (2) specialty vehicles they received pursuant to the consignment agreement with SportChassis, specifically: (a) 2008 SportChassis RHA114 bearing vehicle identification number 1FVAFCBT78HY59311; and (b) 2010 SportChassis P2 bearing vehicle identification number 1FVAFCBT5ADAP4401 (collectively "Consigned Vehicles").

12. On or about August 26, 2010, SportChassis made further demand upon Defendants to return the Consigned Vehicles. SportChassis informed Defendants that it had lost sales of the Consigned Vehicles as a result of Defendants' refusal to return the Consigned Vehicles.

13. Defendants failed to return the Consigned Vehicles and failed to compensate SportChassis the value of the Consigned Vehicles.

### FIRST CLAIM FOR RELIEF
### (Breach of Express and/or Implied Contract)

SportChassis adopts and realleges each and every paragraph above as if set forth verbatim herein.

14. Defendants breached their express and/or implied agreement with SportChassis by refusing to return the Consigned Vehicles.

15. Defendants breached their express and/or implied agreement with SportChassis by refusing to compensate SportChassis for the value of the Consigned Vehicles.

16. SportChassis suffered damages in excess of $75,000.00 as a result of Defendants' breach of their express and/or implied contract with SportChassis.

## SECOND CLAIM FOR RELIEF
### (Conversion and Unjust Enrichment)

SportChassis adopts and realleges each and every paragraph above as if set forth verbatim herein.

17. The actions of Defendants in refusing to return the Consigned Vehicles to SportChassis have resulted in the conversion and/or the unjust enrichment of Defendants over SportChassis.

18. The actions of Defendants in refusing to compensate SportChassis for the value of the Consigned Vehicles have resulted in the conversion and/or the unjust enrichment of Defendants over SportChassis.

19. Defendants' conversion and/or unjust enrichment damaged SportChassis in an amount in excess of $75,000.00.

20. The actions of Defendants were intentional or in reckless disregard for the rights of SportChassis thereby entitling SportChassis to punitive damages.

## THIRD CLAIM FOR RELIEF
### (Tortious Interference with Existing Contractual Relations and/or Prospective Business Relations)

SportChassis adopts and realleges each and every paragraph above as if set forth verbatim herein.

21. SportChassis had a purchaser(s) for the Consigned Vehicles but was unable to sell the Consigned Vehicles due to Defendants' actions and refusal to return the Consigned Vehicles.

22. Defendants had knowledge of SportChassis' business expectancy/relationship and intentionally caused a breach of such business expectancy/relationship.

23. Defendants have interfered with the present and prospective business relationships of SportChassis without justification, privilege or excuse.

24. As a result of the foregoing actions, Defendants tortiously interfered with the business relations and prospective business relations of SportChassis.

25. Defendants' tortious interference with the business relations and prospective business relations of SportChassis has damaged SportChassis in an amount in excess of $75,000.00.

26. Defendants' conduct was intentional, malicious, without just cause or excuse and as a proximate result of Defendants' conduct SportChassis is entitled to recover punitive damages.

## FOURTH CLAIM FOR RELIEF
## (Replevin)

SportChassis adopts and realleges each and every paragraph above as if set forth verbatim herein.

27. SportChassis is the full and unqualified owner of the Consigned Vehicles and holds title to the Consigned Vehicles.

28. Defendants have wrongfully detained possession of the Consigned Vehicles from SportChassis.

29. SportChassis is entitled to and demands judgment for the Consigned Vehicles and for immediate possession of the Consigned Vehicles, as well as damages suffered as a result of Defendants' wrongful detention of the Consigned Vehicles.

WHEREFORE, Plaintiff, SportChassis, LLC, prays for judgment against Defendants, Broward Motorsports of Palm Beach, LLC, Sam Nehme and Marc Osheroff for possession of the Consigned Vehicles, actual damages (general and special) and punitive damages in excess of seventy-five thousand dollars ($75,000), interest, costs, attorney fees and other such relief as is just and proper.

Respectfully submitted,

Kevin R. Donelson, OBA No. 12647
Regina M. Marsh, OBA No. 20272
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-8820
Telephone: (405) 232-0621
Facsimile: (405) 232-9659

***Attorneys for Plaintiff***

541288