# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SPORTCHASSIS, LLC,            )
                              )
       Plaintiff,          )
vs.                           )   NO. CIV-10-1035-HE
                              )
BROWARD MOTORSPORTS OF        )
PALM BEACH, LLC, ET AL.,      )
                              )
       Defendants.         )

## ORDER

Plaintiff SportChassis, LLC ("SportsChassis"), an Oklahoma company, filed a complaint asserting claims for breach of contract, conversion and unjust enrichment, tortious interference with contract relations and/or prospective business relations, and replevin against Broward Motorsports of Palm Beach, LLC ("BWM") and two of its managing members, Sam Nehme and Marc Osheroff (collectively, "defendants"). The claims arise out of a dispute regarding two specialty vehicles BWM obtained from SportsChassis via a consignment agreement.

Defendants have moved to dismiss the complaint, asserting the defendants lack the necessary contacts with Oklahoma for personal jurisdiction to be proper. They also moved to dismiss plaintiff's claims on the basis of improper venue and failure to state a claim. Plaintiff has responded to the motion. The court conducted a hearing on the motion on January 26, 2011, but neither party sought to offer evidence at that hearing. The motion is therefore decided on the parties' written submissions.

**DISCUSSION**

Defendants argue they lack the necessary minimum contacts with the State of Oklahoma and, therefore, the court lacks in personam jurisdiction over them. They have attached affidavits from Nehme and Osheroff stating BWM is organized and has its principal place of business in a state other than Oklahoma and that the company does not have local offices in Oklahoma, does not solicit business here, has no employees here, and does not otherwise maintain a presence here.[1] SportsChassis' response does not contest defendants' factual assertions, but asserts that other facts show sufficient minimum contacts with Oklahoma.

The standard for determining the existence of in personam jurisdiction is well established. To obtain personal jurisdiction over nonresident defendants in a diversity action, plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process clause of the Fourteenth Amendment. Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996). As Oklahoma permits the exercise of jurisdiction to the full extent allowed by the Constitution, the question becomes whether maintenance of the suit satisfies due process requirements. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990). Due process is not offended by the exercise of jurisdiction over a nonresident defendant so long as that

---

[1] Both affidavits indicate BWM is an LLC formed under the laws of Florida, with its principal place of business in Florida. Further, both Nehme and Osheroff allege they are citizens of Florida. [Doc. Nos. 14-1 & 14-2].

defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

A court may exercise general or specific jurisdiction over a company. *See* Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1418 (10th Cir. 1988). Jurisdiction is specific if the suit arises out of or is related to the defendant's contacts with the forum state. Id. Jurisdiction is general if it does not arise directly from a defendant's forum-related activities, but is based on the defendant's general presence or accumulated contacts with the forum state. Kuenzle, 102 F.3d at 455–56 ("Where '[g]eneral jurisdiction lies . . . the state may exercise personal jurisdiction over the defendant, even if the personal jurisdiction is unrelated to the defendant's contacts with the state.'") (quoting Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996)).

Here, there is no serious suggestion that plaintiff is relying on general jurisdiction as a basis for proceeding against any of the defendants,[2] hence the pertinent question is whether sufficient minimum contacts exist to provide a basis for specific jurisdiction and whether, assuming sufficient contacts, the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." Benton v. Cameco Corp., 375 F.3d 1070, 1078 (10th Cir.

---

[2]*Plaintiff's attorney did suggest at the hearing on January 26, 2011 that the contacts are sufficient to establish general jurisdiction. However, plaintiff's submissions are largely silent on the issue. The court concludes plaintiff's limited submissions and discussion are insufficient to establish the necessary "continuous and systematic" contacts for general jurisdiction.*

2004) (quoting OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091) (10th Cir. 1998)).

Whether a nonresident company such as BWM has the necessary minimum contacts with the forum state is decided on the particular facts of each case and plaintiff has the burden of establishing the jurisdictional facts. Kuenzle, 102 F.3d at 456. When the jurisdictional question is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing, and all factual disputes are resolved in the plaintiff's favor. Bell Helicopter Textron, Inc. v. Heliqwest, Ltd., 385 F.3d 1291, 1295 (10th Cir. 2004). The court analyzes each defendant in turn. *See* Home-Stake Prod. Co. v. Talon Petroleum, C.A., 907 F.2d 1012, 1020 (10th Cir. 1990) ("Minimum contacts must be found as to *each defendant* over whom the court exercises jurisdiction.") (emphasis added).

Plaintiff's argument as to minimum contacts with Oklahoma by BWM is essentially that BWM and SportsChassis entered into a consignment agreement in Custer County, Oklahoma, an agreement that BWM has now allegedly breached. It is well established that "[a] contract *alone* does not subject a nonresident defendant to the jurisdiction of the subject forum," AST Sports Science, Inc. v. CLF Distr. Ltd., 514 F.3d 1054, 1059 (10th Cir. 2008) (emphasis added), and that "phone calls and letters are not necessarily sufficient *in themselves* to establish minimum contacts," Far W. Capital, Inc. v. Towne, 46 F.3d 1071, 1077 (10th Cir. 1995) (emphasis added). Here, however, plaintiff has alleged there was a consignment agreement between it and BWM, that it was entered into in Oklahoma, and that approximately 300 hundred e-mail and telephone communications relating to the agreement

occurred between the two parties. [Doc. #26, ¶5]. While the absence of evidence or detail as to certain of these facts—the place of negotiation or drafting of the agreement, the nature of the various communications, and the like—makes the question close, the court concludes plaintiff has made a sufficient showing that BWM purposefully availed itself of the privilege of conducting business in Oklahoma.

The court further concludes the exercise of jurisdiction comports with traditional standards of fair play and substantial justice. It is defendant BWM's burden to "present[] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Employers Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1161 (10th Cir. 2010).[3] Defendant has not addressed the specific "reasonableness" factors in any meaningful way. It does allude to the choice-of-law clause in the consignment agreement, which arguably affects the interest of the interstate judicial system in efficiently resolving the controversy. However, defendant has not suggested any significant difference between Oklahoma and Florida substantive law as applied to the issues in this case, and it seems unlikely that the treatment of a commercial consignment relationship is apt to differ significantly. In any event, the court concludes the apparent application of Florida's substantive law to the resolution of this dispute does not, when weighed with other pertinent considerations, render it unreasonable for jurisdiction to be exercised here. Defendant has

---

[3]*These considerations include: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies."* Id.

5

failed to establish that the exercise of jurisdiction over BWM would offend traditional notions of fair play and substantial justice.

The same conclusion does not follow, however, as to the individual defendants Nehme and Osheroff. They argue that they do not have the necessary contacts with Oklahoma for personal jurisdiction and that they are protected by the fiduciary shield doctrine.[4] Although the fiduciary shield doctrine might lead to the result defendants seek, it is unnecessary to rely on it here,[5] because plaintiff has failed to allege sufficient contacts by the individual defendants to be a basis for personal jurisdiction.

Unlike defendant BWM, Nehme and Osheroff are not parties to the consignment agreement—arguably the principal basis for asserting jurisdiction over BWM. Plaintiff's submissions do not say that the individual defendants communicated with Oklahoma, but include only conclusory allegations that they directed such communications here. Moreover, there is no indication that any communication Nehme and Osheroff did have with SportsChassis were made for anything other than the benefit of BWM. *See* Plaintiff's Resp. [Doc. #26 ("Defendants . . . communications . . . [were] directly related to the Consignment Agreement.")]. Also, plaintiff's allegation that Nehme and Osheroff came to Oklahoma "for business and/or for other purposes" proves nothing as to their contacts with the forum. These

---

[4]*The doctrine provides that the "exercise of personal jurisdiction over an individual may not be based solely on acts that individual performed in a purely representative capacity." Home-State Prod. Co., 907 F.2d 1012, 1017 (10th Cir. 1990); see Calder v. Jones, 465 U.S. 783, 790 (1984).*

[5]*It is not clear that Oklahoma recognizes the fiduciary shield doctrine. See Home-State Prod. Co., 907 F.2d at 1017 (Defendant "has not cited any Oklahoma cases discussing this equitable doctrine, nor has our own research uncovered any.").*

words leave open the possibility that they were in the forum for reasons other than anything related to the present controversy—as defendants suggest. *See* Doc. #28 ("Nehme and Osheroff were in the state for a funeral."). In these circumstances, the court concludes plaintiff has not shown a sufficient basis for the exercise of personal jurisdiction over the individual defendants.[6]

Defendants also seek to dismiss on the basis of improper venue. Venue is appropriate in a diversity case in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). As the defendants do not reside in Oklahoma and there is another district in which the action might be brought (Southern District of Florida), the plaintiff, who has the burden of establishing that venue is proper in the forum, Rothstein v. Carriere, 41 F. Supp. 2d 381, 386 (E.D.N.Y. 1999), must show that a substantial part of the events underlying its claims occurred in Oklahoma.

The plaintiff has made a sufficient showing to meet its burden. The complaint alleges the consignment agreement between SportsChassis and BWM was entered into in Oklahoma,

---

[6] *Plaintiff's assertion of a tortious interference claim against Nehme and Osheroff does not avoid this conclusion. See Far W. Capital, Inc., 46 F.3d at 1079 ("[T]he mere allegation that an out-of-state defendant has tortiously interfered with contractual rights . . . that ha[s] allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts.").*

7

and plaintiff's evidence indicates a significant number of communications took place in Oklahoma. The court concludes a sufficient showing has been made that a substantial part of the events giving rise to the lawsuit took place in Oklahoma, and that venue is therefore proper in this district.

Lastly, defendants' motion to dismiss for failure to state a claim also fails. In its initial brief, defendants' position was premised on the fact that plaintiff was "not even a party to the consignment agreement at issue," Doc. #14, a position BWM now acknowledges was incorrect. *See* BWM-SportsChassis Consignment Agr. [Doc. #26-1]. A claim is stated against BWM.

Accordingly, defendants' motion to dismiss [Doc. #14] is **GRANTED** insofar as it is asserted on behalf of the individual defendants Nehme and Osheroff. The motion is **DENIED** as to defendant BWM.

**IT IS SO ORDERED**.

Dated this 15th day of February, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE